```
1  Samy S. Henein (#171356)
   SUPPA, TRUCCHI & HENEIN, LLP
2  3055 India Street
   San Diego, CA 92103-6013
3  Telephone No. (619) 297-7330
   Fax No. (619) 297 9658
4
   Attorneys for Plaintiff
5  GARY GONZALES
```

FILED
NOV 16 2015
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                  Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# RIVERSIDE DIVISION

"BY FAX"

| | |
|---|---|
| IN RE:<br><br>JAMES GONZALES and ESTELA GONZALES,<br><br>Debtor.<br>_____<br>GARY GONZALES,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES GONZALES,<br><br>    Defendant. | Adversary No.:<br><br>Bankruptcy No.: 6:15-bk-13359-SY<br><br>Chapter 11<br><br><br>**PLAINTIFF GARY GONZALES'S COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT**<br><br>Judge: Hon. Scott H. Yun |

Plaintiff, GARY GONZALES, (hereinafter referred to as "Plaintiff"), alleges as follows:

## PARTIES

1. Plaintiff is a creditor of the Defendant JAMES GONZALES.

2. JAMES GONZALES and ESTELA GONZALES are the debtors in the underlying Chapter

1

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT**

1  7 bankruptcy case.

## JURISDICTION

3. This Court has jurisdiction pursuant to 28 U.S.C. §1334 and General Order dated August 6, 1984 of the United States District Court for the Central District of California. This is a core proceeding pursuant 28 U.S.C. §157(b)(2)(I) as to the claim to determine dischargeability of debt.

## VENUE

4. Venue for this action is proper pursuant to 28 U.S.C. §1409 in that it arises from or relates to the above-entitled bankruptcy proceeding filed by the Debtor under Chapter 7 of the Bankruptcy Code which is presently pending before the United States Bankruptcy Court for the Central District of California.

## FIRST CLAIM FOR RELIEF

(For Nondischargeability of Debt Pursuant to 11 U.S.C. Section 523(a)(2)(A))

(Actual Fraud)

5. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

6. Plaintiff loaned Defendant JAMES GONZALES the total sum of $87,000, which sum was to be repaid by Defendant JAMES GONZALES with interest at the rate of 7% per annum.

7. JAMES GONZALES committed actual fraud in that he made the promise to repay the amounts due, along with a promise to use the funds for the specific purpose of building storage units, without the intent to perform the promises, and/or he at least should have known that it was outside of his ability to perform as promised.

8. JAMES GONZALES knew that the promises made were false when they were made, he had no intent to perform the promises, and/or he at least should have known that it was outside of his ability to perform. JAMES GONZALES made these false promises and false representations with the actual intent to induce Plaintiff's reliance on the false promises and false statements.

9. At the time Plaintiff entered into the above-mentioned agreement with JAMES GONZALES, Plaintiff was ignorant of the falsity of the misrepresentations made by JAMES

2

COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT

1. GONZALES and the omission and concealment of material facts as set forth above. Plaintiff relied on the misrepresentations described above and Plaintiff's reliance was justifiable in light of the agreement between the parties and assurances made by or on behalf of Defendant. Had Plaintiff known that such representations were false, Plaintiff would not have entered into the agreement.

10. As a proximate result of JAMES GONZALES' fraud and deceit and the facts herein alleged, Plaintiff has suffered damages in the sum of $87,000, plus interest thereon according to proof. Furthermore, the aforementioned conduct was intentional and malicious and done with the intention on the part of said Defendant of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, thus entitling Plaintiff to an award of exemplary and punitive damages.

## SECOND CLAIM FOR RELIEF

(For Nondischargeability of Debt Pursuant to 11 U.S.C. Section 523(a)(2)(A))

(Actual Fraud)

11. Plaintiff hereby incorporates by reference all paragraphs of this Complaint as though fully set forth herein.

12. Plaintiff entered into an agreement with Debtor JAMES GONZALES whereby Plaintiff agreed to purchase a parcel of real property for the purpose of merging the property with other contiguous parcels owned by Debtor, and then developing the merged parcels for use as a self storage facility.

13. Debtor JAMES GONZALES committed actual fraud in that JAMES GONZALES made the promises to jointly develop the property without the actual intent to perform the agreement as promised. JAMES GONZALES knew that the promises made were false when they were made, he had no intent to perform the promises, and/or he at least should have known that it was outside of his ability to perform. JAMES GONZALES made these false promises and false representations with the actual intent to induce Plaintiff's reliance on the false promises and false statements.

14. JAMES GONZALES also committed actual fraud by concealment and/or nondisclosure of material facts, including the fact that JAMES GONZALES owed money on loans secured by the

---

3

**COMPLAINT TO DETERMINE NON-DISCHARGEABILITY OF DEBT**

parcels which were merged with Plaintiff's parcel, that the loans were in default, or that they would be in default. Plaintiff is informed and believes that JAMES GONZALES also committed actual fraud by concealment and/or nondisclosure of material facts, including the fact that the County of Riverside was taking action against Debtor JAMES GONZALES and against the parcels to be merged, as a result of alleged code violations.

15. At the time Plaintiff entered into the above-mentioned agreements with JAMES GONZALES, Plaintiff was ignorant of the falsity of the misrepresentations made by JAMES GONZALES and the omission and concealment of material facts as set forth above. Plaintiff relied on the misrepresentations described above and Plaintiff's reliance was justifiable in light of the written agreements between the parties and assurances made by or on behalf of Defendant. Had Plaintiff known that such representations were false, Plaintiff would not have entered into these agreements.

16. As a proximate result of JAMES GONZALES' fraud and deceit and the facts herein alleged, Plaintiff has suffered damages in the estimated sum of $250,000, and interest thereon according to proof. Furthermore, the aforementioned conduct was intentional and malicious and done with the intention on the part of said Defendant of thereby depriving Plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and unjust hardship in conscious disregard of Plaintiff's rights, thus entitling Plaintiff to an award of exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant JAMES GONZALES as follows:

## ON THE FIRST CAUSE OF ACTION

1. For an award for compensatory damages in the sum of $87,000, plus interest thereon from December 15, 2000;

2. For an award of exemplary and punitive damages in an amount to be proven at trial;

3. For an order determining that the said debt, in an amount to be determined at trial, is nondischargeable pursuant to 11 U.S.C. Sections 523 (a)(2)(A), and that a discharge of the above-mentioned Defendant would not release said Defendant from the above-described debt; and

## ON THE SECOND CAUSE OF ACTION

1. For an award for compensatory damages in the sum of $250,000, plus interest thereon from December 15, 2000;

2. For an award of exemplary and punitive damages in an amount to be proven at trial;

3. For an order determining that the said debt, in an amount to be determined at trial, is nondischargeable pursuant to 11 U.S.C. Sections 523 (a)(2)(A); and that a discharge of the above-mentioned Defendant would not release said Defendant from the above-described debt; and

## ON ALL CAUSES OF ACTION

1. For such other and further relief as the Court deems just and proper.

SUPPA, TRUCCHI & HENEIN, LLP

DATED: November 16, 2015        By: _____
Samy S. Henein, Esq.
Attorney for Plaintiff
GARY GONZALES

FORM B104 (08/07)            2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>GARY GONZALES | DEFENDANTS<br>JAMES GONZALES |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>SAMY HENEIN<br>3055 INDIA STREET, SAN DIEGO, CA 92103<br>619-297-7330 | ATTORNEYS (If Known)<br><br>**"BY FAX"** |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
NONDISCHARGEABILITY ACTION BASED UPON FRAUD IN CONNECTION WITH LOAN AND AGREEMENT FOR DEVELOPMENT OF REAL PROPERTY

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 337,000.00 |

Other Relief Sought

FORM B104 (08/07), page 2                                                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** <br> JAMES GONZALES and ESTELLA GONZALES ||| **BANKRUPTCY CASE NO.** <br> 6:15-bk-13359-S |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL || **DIVISIONAL OFFICE** <br> RIVERSIDE | **NAME OF JUDGE** <br> SCOTT H. YUN |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| **PLAINTIFF** <br> GARY GONZALES | **DEFENDANT** <br> JAMES GONZALES || **ADVERSARY PROCEEDING NO.** <br> 6:15-ap-01191-SY |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** <br> CENTRAL || **DIVISIONAL OFFICE** <br> RIVERSIDE | **NAME OF JUDGE** <br> SCOTT H. YUN |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br><br> *[signature]* ||||
| **DATE** <br> 11/16/15 ||| **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> SAMY HENEIN |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.